IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **HOWARD COOK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| **BAMA HOTEL GROUP, LLC** | ) **JURY DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Mr. Howard Cook (hereinafter referred to as "Cook" or "Plaintiff"), by and through his undersigned counsel of record, and files this Complaint against Defendant, Bama Hotel Group, LLC (hereinafter referred to as "Defendant"). As grounds for this Complaint, Plaintiff states the following:

## INTRODUCTION

1. This suit is authorized and brought to secure protection of, and to redress the deprivation of rights secured by, Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e) et seq., as amended by the "Civil Rights Act of 1991" (hereinafter referred to as "Title VII").

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The unlawful employment practices alleged in this complaint were committed in Tuscaloosa County, in the Northern District of Alabama; therefore, Venue lies within the Northern District of Alabama, pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed two (2) Charges of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant.

5. Charge number 420-2021-00223 (hereinafter referred to as the "First Charge") was filed on October 23, 2020.

6. Plaintiff alleged discrimination based on his sex, age, and race in the First Charge.

7. Plaintiff filed Charge number 420-2021-01742 (hereinafter referred to as the "Second Charge") on May 3, 2021, following Defendant's termination of his employment. (Plaintiff's Second Charge is attached hereto as Exhibit "A").

8. In the Second Charge, Plaintiff alleged retaliation based upon his opposition to conduct constituting discrimination, and his participation in the EEOC's administrative process by filing and prosecuting the First Charge.

9. On or about September 21, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights (hereinafter referred to as "Rights to Sue"). (Plaintiff's Right to Sue for the Second Charge is attached hereto as Exhibit "B").

10. Plaintiff has now filed his Complaint within ninety (90) days of his receipt of the Right to Sue for the Second Charge, and has, therefore, exhausted all administrative remedies with respect to the Second Charge before filing his claims with this Court.

**PARTIES**

11. Plaintiff is a citizen of the United States of America, and he is over the age of nineteen (19), and he is a resident of Tuscaloosa County, Alabama.

12. Defendant is an "employer" within the meaning of Section 701(b) of Title VII, in that it engages in an industry affecting commerce, and has employed more than fifteen (15) people for the requisite duration under Title VII.

13. Defendant was Cook's employer during all times relevant to this Complaint.

14. Bama Hotel Group, LLC does business as "Residence Inn" and is a domestic corporation formed in the State of Alabama. Defendant is located at 211 Rice Mine Road Loop, Tuscaloosa, AL 35406[1], with a registered agent address of 2 North Jackson Street, Suite #605, Montgomery, Alabama 3610.

15. Bama Hotel Group, LLC is a domestic company that conducts substantial business in Tuscaloosa, Alabama.

---

[1] Defendant has not listed a principal mailing address with the Alabama Secretary of State.

## FACTS

16. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifteen (15) above with the same force and effect as if fully set out in specific detail herein below.

17. Plaintiff is an African American male over the age of seventy (70).

18. Plaintiff began employment with Defendant on September 27, 2019, as a Night Auditor.

19. In or around April 2020, Defendant's Front Office Manager position at Plaintiff's work location became available.

20. Plaintiff expressed interest in the Front Office Manager position.

21. General Manager, Ms. Stephanie Braswell (hereinafter referred to as "Braswell"), informed Plaintiff that the position would not be filled immediately and that she would notify Plaintiff when the hiring process began.

22. Plaintiff was never notified when the hiring process began; furthermore, the job position was never posted.

23. In or about August 2020, Ms. Destiny Hopkins (hereinafter referred to as "Hopkins") was hired for the Front Office Manager position.

24. Hopkins is a Caucasian female that was approximately twenty-one (21) years old at the time Defendant hired her for the Front Office Manager position.

25. Plaintiff was more qualified for the position, but was passed over for a less-qualified, younger, Caucasian female.

26. On October 23, 2020, Plaintiff filed the First Charge against Defendant asserting race, gender, and age discrimination.

27. Defendant received notice of the First Charge on March 17, 2021.

28. On March 29, 2021, Defendant terminated Plaintiff's employment.

29. Braswell informed Plaintiff that he was terminated for allegedly sleeping on the job.

30. Plaintiff did not sleep on the job as alleged by Braswell.

31. As a result of Plaintiff's termination, he has suffered extreme professional and personal hardship.

## COUNT ONE
## RETALIATION IN VIOLATION OF TITLE VII

32. Cook exercised a protected right under Title VII by filing the First Charge against Defendant on October 23, 2020.

33. Defendant received notice of the First Charge on or about March 17, 2021.

34. Defendant terminated Plaintiff's employment merely twelve (12) days later, on March 29, 2021.

35. Defendant terminated Plaintiff's employment because of his filing of the First Charge, and his participation in the EEOC's administrative process.

36. As a result of Defendant's conduct, Plaintiff was deprived of income and the associated benefits with employment. The conduct described above also caused Plaintiff to suffer emotional damage, inconvenience, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. A permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in its retaliatory treatment of those employees who exercise their protected rights.

B. Back pay for lost income and any other compensatory damages;

C. Reinstatement, or Front pay if the Court finds reinstatement to be impracticable;

D. Punitive damages in an amount to be determined by a jury;

E. A reasonable attorneys' fee;

F. Plaintiff's costs and expenses;

G. Interest on all monies owed; and

H. Any other relief the Court deems just and appropriate.

Respectfully submitted,

*s/ Anthony D. Michel*
Anthony D. Michel (ASB-6809-O64M)
*Attorney for Plaintiff, Howard Cook*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone:  (205) 980-5700
Facsimile:   (205) 994-2819
Anthony@wmalabamalaw.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

Respectfully submitted,

*s/ Anthony D. Michel*

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Bama Hotel Group, LLC
2 North Jackson Street
Suite 605
Montgomery Alabama 36104